**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Civil No. 1:23cv70-HSO**
**Criminal No. 1:21cr88-HSO-RPM-1**

**MICHAEL ANTHONY HAMILTON**

**MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION [40] TO DISMISS AND ENFORCE PLEA AGREEMENT, AND DENYING DEFENDANT MICHAEL ANTHONY HAMILTON'S MOTION [38] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

BEFORE THE COURT are Defendant Michael Anthony Hamilton's Motion [38] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and the Government's Motion [40] to Dismiss and Enforce Plea Agreement. After due consideration of the parties' filings and relevant legal authority, the Court finds that the Government's Motion [40] to Dismiss should be granted, and Defendant's Motion [38] should be denied.

## I. BACKGROUND

On August 24, 2021, the Grand Jury charged Defendant Michael Anthony Hamilton ("Defendant" or "Hamilton") in a single-count Indictment [15] with knowingly possessing a firearm while an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Indict. [15] at 1. Hamilton pled

guilty pursuant to a written Amended Plea Agreement [26] with the Government on October 20, 2021. Minute Entry, Oct. 20, 2021.

Hamilton's Amended Plea Agreement [26] with the Government contained several written waivers, including that he, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Am. Plea Agree. [26] at 5-6.

On January 25, 2022, the Court sentenced Hamilton to a term of imprisonment of twenty-four months, to be followed by three years of supervised release, a $3,000.00 fine, and a $100.00 special assessment. J. [34]. Hamilton did not file a direct appeal.

Hamilton filed the present Motion [38] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on March 8, 2023, which raises only one ground for relief. *See* Mot. [38] at 4. Specifically, he argues that his conviction under 18 U.S.C. § 922(g)(3) is unconstitutional in light of *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), and also cites *Bruen* as justification for the timeliness of his petition. *Id.* at 4, 11.

In response, the Government has filed a Motion [40] to Dismiss Hamilton's Motion [38], stating that, through his Amended Plea Agreement [26], Hamilton

knowingly and voluntarily "waived any right to seek post-conviction relief and *Bruen* does not entitle him to avoid the consequences of his waiver agreement." Mot. [40] at 1. Hamilton has not filed any reply, and the time to do so has expired.

## II. DISCUSSION

### A. Legal standard

After a federal prisoner's conviction is final, there are four narrow and separate grounds upon which he may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under 28 U.S.C. § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B. Hamilton's challenge to the constitutionality of 18 U.S.C. § 922(g)(3)

Hamilton challenges his conviction by asserting that 18 U.S.C. § 922(g)(3) is unconstitutional in light of *Bruen*. Mot. [38] at 4. The Government argues that even if *Bruen* applies, he knowingly agreed to forego this challenge in his Amended Plea Agreement [26], and as such his Motion [38] should be dismissed. Mot. [40] at 1-3. The Court finds that Hamilton's request for relief on this basis should be denied because he waived this claim through his Amended Plea Agreement [26].

A defendant can waive his right to file a § 2255 motion so long as the waiver is knowing and voluntary. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). In the Amended Plea Agreement [26], Hamilton waived various rights, including "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255," except for claims for ineffective assistance of counsel. Am. Plea Agree. [26] at 5-6.

At the plea hearing, the Court reviewed these waivers with Hamilton:

> THE COURT: You are also waiving the right to contest the conviction and sentence or the manner in which the sentence is imposed in any post-conviction proceeding on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except for ineffective assistance of counsel claims. Do you understand that?
> THE DEFENDANT: Yes, sir.
>
> * * *
>
> THE COURT: Have you read each and every one of these waivers, Mr. Hamilton?

> THE DEFENDANT: Yes.
> THE COURT: Have you discussed them with your attorney and asked her any questions you had about them?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Did you understand her answers to your questions?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand what these waivers mean and what their consequences are?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you fully and completely understand and knowingly and voluntarily agree to all of these waivers, along with all of the other terms of the amended plea agreement, the amended plea supplement and the agreed preliminary order of forfeiture?
> THE DEFENDANT: Yes, Your Honor.

Digital Audio File [30] at 11:08-11:30, 12:27-13:00.

Hamilton's challenge to the constitutionality of 18 U.S.C. § 922(g)(3) falls within the waiver of his right to bring a § 2255 motion. He has not claimed that this waiver was not knowing and voluntary, *see* Mot. [38], and his testimony under oath at the plea hearing "carr[ies] a strong presumption of verity" that he understood that he was forfeiting these claims and that he voluntarily chose to do so, *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court therefore finds that Hamilton's waiver was knowing and voluntary.

In the Fifth Circuit, there are "only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum." *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020). Hamilton's claim for relief does not fail within either of these categories, and accordingly, his waiver should be enforced. *Id.* at 389; *see also United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (holding that a collateral attack

waiver barred a § 2255 challenge to a defendant's conviction even though his conviction was predicated on a statutory clause found to be unconstitutional).

The only ground for relief raised in Hamilton's Motion [38] is precluded by his knowing and valid waiver contained in the written Amended Plea Agreement [26]. His Motion [38] should be denied.

III. CONCLUSION

The Motion [38], files, and records conclusively show that Hamilton is entitled to no relief because he waived his right to contest his conviction in a post-conviction proceeding on this basis. The Government's Motion [40] to Dismiss and Enforce Plea Agreement should be granted, and Defendant's Motion [38] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Government's Motion [40] to Dismiss and Enforce Plea Agreement is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Michael Anthony Hamilton's Motion [38] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 26th day of April, 2023.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE